UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                        CASE NO. 06-CV-13830-DT
                        JUDGE DAVID M. LAWSON
                        MAGISTRATE JUDGE PAUL J. KOMIVES

    v.

TONYA R. MCCAIN,

    Defendant.
    _____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 5)**

Table of Contents

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.    Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.    Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    C.    The Instant Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    D.    Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    E.    Plaintiff's Dispositive Motion Should Be Granted in Part and Denied without
          Prejudice in Part. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
          1.    The Court should conclude that plaintiff is liable on the note. . . . . . . . . 6
          2.    However, the Court should conclude that there is a genuine issue of
               material fact regarding the principal balance due. . . . . . . . . . . . . . . . . . . 8

III.  NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . 17

**I.     RECOMMENDATION:** The Court should grant in part and deny without prejudice in part plaintiff's motion for summary judgment. (Doc. Ent. 5). Additionally, the Court should direct the Clerk's Office to add defendant's contact information to the docket sheet.[1]

**II.    REPORT:**

**A.     Background**

On or about August 26, 1987, Tonya R. McCain executed a "Guaranteed Student Loan Promissory Note" with First Bank in the amount of $2,625.00. Doc. Ent. 1 at 4-5. On October 20, 1989, she defaulted on the loan. Doc. Ent. 1 at 3, Doc. Ent. 5-3.

At some point, the loan was assigned to the United States. Doc. Ent. 1 at 3, Doc. Ent. 5-3.[2] In 1993, the government intercepted McCain's "federal tax refund . . . and applied it to the outstanding loan balance[.]" Doc. Ent 5 at 4.

As of November 13, 1997, McCain owed the government $2,842.46. This amount consisted of $2,018.08 in principal,[3] $767.25 in interest and $57.13 in administrative/collection costs. Doc. Ent. 1 at 3, Doc. Ent. 5-3.

**B.     Complaint**

On August 28, 2006, the United States of America (hereinafter referred to as "plaintiff") filed the instant complaint against defendant Tonya R. McCain (hereinafter referred to as

---

[1]In her October 11, 2006 answer to the complaint, plaintiff lists her address as 19204 Edgefield, Harper Woods, Michigan 48225 and one of her phone numbers as 313-343-5650.

[2]It appears that on or about May 24, 1990, an HSCA Claims Supervisor (Karin Moseley) affixed a label concerning the Higher Education Assistance Foundation (HEAF) to the back of the promissory note. Doc. Ent. 1 at 5.

[3]$197.21 of this amount is interest accrued to First Bank, the original lender. Doc. Ent. 1 at 3, Doc. Ent. 5-3. Therefore, the Court assumes that $1,820.87 was the amount of principal owed to First Bank.

"defendant"). According to the complaint, the current capitalized interest balance and accrued interest amounts to $2,186.12. Therefore, including $2,018.08 in current principal, and $57.13 in administrative fee, costs, and penalties, plaintiff seeks payment in the amount of $4,261.33, Doc. Ent. 1 at 1 ¶ 3, in addition to prejudgment and post-judgment interest, administrative costs and attorney fees.

The only document filed by defendant is her October 11, 2006 answer to the complaint. (Doc. Ent. 3). In total, defendant's "[r]esponse to [c]omplaint" states:

> United States of America alleges that a debt is owed for a current principal amount of $2,018.08, interest 2,186.12, administrative fee, cost and penalties, $57.13 for a total of $4,261.33. I, Tonya Burdette AKA McCain dispute this complaint for reasons this loan has been repa[i]d by withholding federal income taxes.

Doc. Ent. 3 at 1.[4]

**C.     The Instant Motion**

On November 29, 2006, plaintiff filed a Fed. R. Civ. P. 56 motion for summary judgment. (Doc. Ent. 5). Plaintiff argues that it "[h]as produced sufficient evidence to satisfy its summary judgment burden[,]" and that defendant has not "provided any legal defense to [p]laintiff's action, or set forth specific facts showing that there is a genuine issue for trial[.]" Doc. Ent. 5-1 at 2. Plaintiff seeks Judgment against defendant in the amount of $4,261.33 as well as pre-judgment interest. Doc. Ent. 5-1 at 5.

On December 5, 2006, I entered an order setting the deadline for filing a response to plaintiff's motion for summary judgment for December 29, 2006. (Doc. Ent. 7). As of July 18,

---

[4]On October 16, 2006, Judge Lawson referred this case to me for general case management. (Doc. Ent. 4).

2007, defendant has not filed a response.

**D.    Fed. R. Civ. P. 56**

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care System*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

The moving party's initial burden differs depending on whether the non-movant or the movant bears the ultimate burden of proof on the issue on which summary judgment is sought. In the former case, "[t]he moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-

moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

However where "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997); *see also*, *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992). In other words, in such a case the movant "must satisfy both the initial burden of production on the summary judgment motion–by showing that no genuine dispute exists as to any material fact–and the ultimate burden of persuasion on the claim–by showing that it would be entitled to a directed verdict at trial." William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991). "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-

> movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

**E.     Plaintiff's Dispositive Motion Should Be Granted in Part and Denied without Prejudice in Part.**

**1.     The Court should conclude that plaintiff is liable on the note.**

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1992). If "the government produce[s] sufficient evidence to satisfy its summary judgment burden, the burden shift[s] to [defendant] to 'set forth specific facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of the adverse party's pleading.'" *Lawrence*, 276 F.3d at 197 (citing *Resolution Trust Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992) (quoting Fed. R. Civ. P. 56(e))). *See also United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002) (on appeal from district court judgment following bench trial, concluded that defendant "did not meet his burden of proving the nonexistence, extinguishment, or variance in payment of the obligation."); *United States v. Williams*, No. 04-73603, 2005 WL 1343389, *2 (E. D. Mich. May 26, 2005) (Duggan, J.) (on denial of government's motion for summary judgment, cited *Lawrence* and *Davis* and concluded that "the

6

Government fail[ed] to satisfy the first prong of the test in *Lawrence*, resulting in denial of summary judgment.").

Citing *Lawrence*, plaintiff claims that defendant cannot meet the burden of "set[ting] forth specific facts showing that there is a genuine issue for trial." Doc. Ent. 5-1 at 4.

**a.** I suggest that the first prong is not at issue. Based upon the "Guaranteed Student Loan Promissory Note" attached to the complaint, Doc. Ent. 1 at 4-5 and defendant's statement that "this loan has been re[paid] by withholding federal income taxes[,]" Doc. Ent. 3 at 1, the Court should conclude that defendant did sign the note at issue.

**b.** Second, there is no dispute that the government owns or is the holder of the loan at issue in this case. Although no date is provided, the November 20, 1997 United States Department of Education Certificate of Indebtedness provides that "[t]he claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States." Doc. Ent. 1 at 3, Doc. Ent. 5-3. Plaintiff's only filing in this case, her October 11, 2006 answer to the complaint, does not contest this fact. Doc. Ent. 3. Therefore, the Court should conclude that the United States is the current owner or holder of the promissory note in question.

**c.** Third, there is no question that plaintiff defaulted on the promissory note on October 20, 1989. Although it is an unpublished case, *Davis* offers some guidance. In concluding that the district court had properly granted judgment in favor of the United States, the *Davis* Court stated:

> The promissory note attached to the complaint and introduced at [the bench] trial established that Davis borrowed $2,500 at an interest rate of seven percent from the University of Michigan in February 1975. In addition, the government filed a certificate of indebtedness from the United States Department of Education. A loan analyst certified under penalty of perjury that Davis had defaulted on the loan on February 26, 1992, was indebted to the United States by virtue of a guaranteed loan made by a private lender and assigned to the United States, and owed $2,124.11 as of July 30, 1997. Declarations made under penalty of perjury

7

may be submitted in lieu of affidavits in federal court. 28 U.S.C. § 1726. Thus, the United States established a prima facie case that it was entitled to collect on the promissory note. *See United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975).

*Davis*, 28 Fed. Appx. at 503.

In the case at bar, and as was the case in *Davis*, plaintiff has attached to its complaint a copy of a promissory note establishing that defendant borrowed $2,625 from First Bank on August 26, 1987. Doc. Ent. 1 at 4. Also, plaintiff has attached a U. S. Department of Education Certificate of Indebtedness, and it is signed under penalty of perjury by a United States Department of Education Loan Analyst in the Litigation Branch. It provides that defendant defaulted on her loan on October 20, 1989, and owed $2,842.46 as of November 13, 1997. Doc. Ent. 1 at 3; Doc. Ent. 5-3. In addition, plaintiff has supplied a November 15, 2006 affidavit signed by Alberto Francisco, a Senior Loan Analyst at the United States Department of Education. The affidavit states: "I have reviewed the Certificate of Indebtedness attached to Plaintiff's Motion for Summary Judgment, and find it to be true and accurate to the best of my knowledge, information and belief." Doc. Ent. 5-4 ¶ 1. Therefore, the affidavit supports the accuracy of the certificate of indebtedness.

In light of the foregoing, it is clear, and the Court should conclude, that defendant is liable on the note.

**2. However, the Court should conclude that there is a genuine issue of material fact regarding the principal balance due.**

**a.** It is clear from defendant's October 11, 2006 answer that she is attempting to raise the argument that her loan has been repaid. Although defendant did not attach documentation to her answer and did not file a response to the instant motion, it is clearly her position that the amount

8

withheld from her federal income tax return covered the amount of her liability.

Plaintiff attached to its complaint a verified Certificate of Indebtedness stating that the principal amount due to it as of November 13, 1997 was $2,018.08; defendant has filed an unverified answer stating that the loan was repaid by the interception of her federal income tax refund; and plaintiff has filed a motion disputing defendant's claim that the money intercepted in 1993 from defendant's federal income tax refund satisfied the amount of the loan. Therefore, the parties dispute the amount of payments that have been made. In other words, they dispute whether the payments made have satisfied the debt.

Resolution of the pending motion depends on whether the Court treats the issue of payments, i.e., the amount of debt, as one of damages - regarding which the government would have the burden of proof - or as one of a defense of repayment - regarding which plaintiff would have the burden of proof. In the former case, the Court should conclude that the government has not satisfied its burden and should deny its motion for summary judgment as to damages. In the latter case, the Court should conclude that defendant has not satisfied her burden and should grant plaintiff's motion for summary judgment in its entirety.

**b.** My analysis of the issue of payment as one of damages is guided by an unpublished decision of a judge of this court in *United States of America v. Gould*, No. 06-10310, 2006 WL 1522071 (E. D. Mich. May 30, 2006), wherein Judge Zatkoff granted in part and denied in part the government's motion for summary judgment. Specifically, he found that "[d]efendant [was] liable for the loan as a matter of law." However, he further stated that "[p]laintiff ha[d] not provided an explanation or any supporting documentation regarding the calculation of the $2,807.52[,]" and concluded that "summary judgment on the issue of damages [was] denied."

*Gould*, 2006 WL 1522071, *3.

In the case at bar, the November 13, 1997 certificate of indebtedness is nearly ten years old, and the November 15, 2006 affidavit does not attest to the current debt - only to what was owed in 1997.[5] Although the Court may be able to confirm the accuracy of the alleged interest due since November 13, 1997 by using the 8% annual rate described in the certificate of indebtedness, such a calculation would not confirm whether any principal payments have been made since November 13, 1997.[6] Plaintiff would have a more solid case had it submitted a more current certificate of indebtedness with an accompanying affidavit, or, ideally, a current account statement with an accompanying affidavit.[7]

---

[5] This date range was also present in *United States v. Jones*, No. 04-72883, 2007 WL 1041262 (E. D. Mich. Apr. 4, 2007) (Roberts, J. adopting report and recommendation of Majzoub, M. J.), where the Certificate of Indebtedness was dated May 8, 1997 and the affidavit supporting the certificates truth and accuracy was dated November 20, 2006. Defendant raised three arguments in defense: (1) she did not sign the note, (2) the debt did not appear in her credit history, and (3) an action regarding the alleged debt had been previously dismissed in the Eastern District). Although her claim that she did not sign the note was accompanied by a claim that "she paid for her course with the help of her grandmother[,]" *Jones*, 2007 WL 1041262, *2, she was challenging the existence of the note - only indirectly challenging the amount of damages or raising the defense of repayment.

[6] It is also worth noting that even though the accuracy of the certificate of indebtedness has been verified, there is currently no documentation on file which illustrates how plaintiff arrived at the $1,820.87 principal due to the bank and upon which the figures in the certificate of indebtedness are based.

[7] For example, in *United States v. Lawrence*, No. 06-CV-15573, 2007 WL 1675305 (E. D. Mich. June 11, 2007) (Steeh, J.), the Certificate of Indebtedness was dated October 10, 2006 and the complaint was dated December 14, 2006. In any event, the case at bar is distinguishable from this Court's decision in *Lawrence*. Therein, Judge Steeh stated, "whether the Notes [bore] [defendant's] signatures [was] a matter to which Defendant ha[d] knowledge or information–either he recognizes and identifies his signature or he doesn't. In short, as Defendant's vague averment is not a denial, it is deemed to be an admission." *Lawrence*, 2007 WL 1675305, *2. Here, it is the absence of evidence in the record regarding the payment dates and amounts.

Furthermore, assuming that the burden is upon the government to show damages, a conclusion that plaintiff is entitled to summary judgment is not supported by Judge Duggan's unpublished decision in *Williams*. There, Judge Duggan concluded that "[a] genuine issue of material fact remains as to whether the Defendant Kenneth Williams and the Kenneth Williams who signed the promissory notes are, in fact, the same individual." *Williams*, 2005 WL 1343389, *2. After noting skepticism, Judge Duggan stated, "the Government has failed to present enough evidence to eliminate these facts from the realm of genuine possibility." *Id*. Furthermore, the Court considered "Defendant's driver's license and Social Security Card, which show a name and SSN similar but nonetheless clearly different from the name and social security number on the promissory notes, to be significantly probative evidence in support of Defendant's opposition to the Motion for Summary Judgment." *Id*. at *3. The Court continued:

> Viewed in the light most favorable to the Defendant the evidence before this Court is not sufficient to eliminate genuine issues of material fact regarding the identity of the Kenneth Williams who signed the promissory notes in default. In this Court's opinion, whether the promissory notes were signed by the Defendant is a material fact that remains undetermined.

*Id*. In the case at bar, like in *Williams*, the amount of the payments made by defendant to the government, specifically whether any payments were made following the ten year old certificate of indebtedness, is a "material fact that remains undetermined." *Williams*, 2005 WL 1343389, *3. This information, or lack thereof, is germane to this Court's resolution of the element of damages (or the defense of repayment).

Even though defendant has not responded to the instant motion, I suggest that a directed verdict against defendant in the amount of $4,261.33 plus prejudgment interest, as requested in the conclusion of plaintiff's motion brief and as set forth in plaintiff's proposed order for

11

summary judgment, is not appropriate at this time based upon the different initial burden on a motion for summary judgment where the moving party is the party upon which the burden of proof rests. *International Ass'n of Heat and Frost Insulators and Asbestos Workers Local Union 42 v. Absolute Environmental Services, Inc.*, 814 F.Supp. 392, 401 (D. Del. 1993) ("When the moving party seeks summary judgment based on a claim or defense upon which the moving party bears the ultimate burden of proof at trial, the moving party must establish every element of that claim or defense as a matter of law such that no reasonable jury could return a verdict for the nonmovant.").

In light of the government's initial burden when seeking summary judgment if the issue of damages is treated as an element of the government's claim, i.e., an issue regarding which the government would bear the burden of proof at trial, the Court should find that there is not clear evidence to support a conclusion that plaintiff would be entitled to a directed verdict at trial for the amount sought in the complaint. Therefore, the Court should deny plaintiff's motion for summary judgment, because plaintiff has failed to show that there is no genuine issue of material fact as to damages.

**c.** On the other hand, I do recognize that there are cases in which the issue of the amount of debt is treated as a defense of repayment. Shortly after Judge Zatkoff's opinion in *Gould*, the Sixth Circuit spoke in an unpublished case about the defense of repayment. In *Proctor v. United States Department of Education*, 196 Fed. Appx. 345 (6th Cir. Aug. 21, 2006),[8] the borrower

---

[8]"Citation of unpublished opinions is permitted. FRAP 32.1(b) applies to all such citations." U. S. Ct. of App. 6th Cir. Rule 28. However, *Proctor* was decided on August 21, 2006, and "[a] court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as 'unpublished,' 'not for publication,' 'non-precedential,' 'not precedent,' or the like; and (ii) *issued on or after January*

12

argued that "the district court improperly placed the burden on him to prove payment and that, in any event, he met his burden by raising a genuine issue of material fact with regard to whether he paid the loans." The borrower "also argue[d] that the government failed to produce any admissible payment histories[.]" *Proctor*, 196 Fed. Appx. at 347. The Court noted "Proctor [was] responsible for showing payment (rather than DOE for showing nonpayment)[.]" *Proctor*, 196 Fed. Appx. at 348. Specifically, the Court concluded that the district court "correctly found that the burden fell to Proctor to demonstrate repayment and that Proctor failed to present probative evidence that he repaid his loans." *Id*. In making this statement, the Sixth Circuit relied upon its unpublished opinion in *United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002) (concluding that defendant "did not meet his burden of proving the nonexistence, extinguishment, or variance in payment of the obligation.") and the Fifth Circuit's decision in *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975). *Proctor*, 196 Fed. Appx. at 348.

In *Irby*, which was relied upon by the Sixth Circuit in *Davis* and in *Proctor*, the Fifth Circuit stated that "the Government's prima facie case was clearly established by introduction of the note, the guaranty, and the sworn transcript of account." *Irby*, 517 F.2d at 1043. The Fifth Circuit further stated that "[t]he [district] court erroneously ruled that the Government had the burden of showing whether all appropriate credits to the account had been given, whereas the burden should have been placed upon the defendants under the defense specifically set up in their answer that they 'deny that proper amounts were credited on the promissory note sued upon.'" *Id*. In *Lawrence*, which involved an appeal from the district court's entry of summary judgment in favor of the government, the Fifth Circuit stated that "the government produced

---

*1, 2007.*" Fed. R. App. P. 32.1 (emphasis added).

sufficient evidence to satisfy its summary judgment burden [and] the burden [had] shifted to Lawrence." *Lawrence*, 276 F.3d at 197. The court concluded:

> Lawrence's only response was an affidavit testifying that in 'approximately 1981,' a third party, Oscar Peterson, paid Lawrence's debts for him. Lawrence produced no evidence of this payment. Peterson is now dead, and Lawrence has no documentation confirming Peterson's repayment of the loans; it does not seem any such evidence exists. Such self-serving allegations are not the type of "'significant probative evidence'" required to defeat summary judgment.

*Id*.

Here, the government claims that the Certificate of Indebtedness "is prima facie evidence of [d]efendant's indebtedness." Doc. Ent. 5-1 at 4. Specifically, the Certificate of Indebtedness states that defendant "is indebted to the United States in the amount [of $ 2,842.46][.]" Doc. Ent. 1 at 3, Doc. Ent. 5-3. Furthermore, plaintiff contends that its "[c]omplaint sets forth the debt that the Defendant incurred, along with an itemized statement as to the amount of damages, and is sufficient in all respects. Consequently, Plaintiff has met its burden for purposes of Summary Judgment." Therefore, plaintiff contends, "[t]he burden now shifts to the [d]efendant to set forth specific facts showing that there is a genuine issue for trial." Doc. Ent. 5-1 at 5.

If persuaded by *Proctor*, *Irby* and *Lawrence*, the Court should conclude that the burden has shifted to defendant. Under this analysis, the Court should liken defendant's statement that the debt was satisfied by withholding federal income taxes, and her failure to submit a response to the instant motion, as akin to the *Lawrence* affidavit. Plaintiff's unverified, self-serving answer is not probative evidence in support of defendant's opposition to plaintiff's motion. Therefore, if the Court takes that view of the governing legal principles, it should grant plaintiff's motion for summary judgment as to the amount of damages sought in the complaint.

**d.**   Before deciding upon one of these paths, I suggest that the Court should consider the

following:

**i.** Of the cases cited in this report and recommendation, only *Proctor* and *Davis* are from the Sixth Circuit, and each of these decisions is unpublished. Furthermore, *Davis*, relied upon by *Proctor*, is distinguishable from the case at bar, because it was an appeal from a judgment entered following a bench trial. As the Court noted, "[a]t trial . . . [Davis] produced no evidence to support these claims or to show that he had repaid the February 1975 loan." *Davis*, 28 Fed. Appx. at 504.

The case at bar was filed less than one year ago, on August 28, 2006, and, while the government is correct that defendant has not produced evidence that the interception of her federal income tax refund satisfied her debt, she is proceeding pro se. Under these circumstances, it may be prudent for the Court to withhold entry of judgment against a pro se defendant in order to assure that the opportunity for discovery has taken place before equating the present case to one that has proceeded through trial.

**ii.** Neither party has made clear the amount of payments on this note from the time of the government's acquisition of the note to the present time. The August 26, 1987 note on which this case is based was for an amount of $2,625.00. It is clear that the loan was assigned from First Bank to the United States before the tax return payment was intercepted, because plaintiff's brief admits that "[p]laintiff intercepted Defendant's federal tax refund in 1993 and applied it to the outstanding loan balance[.]" Doc. Ent. 5-1 at 4. The principal amount sought in the August 28, 2006 complaint is $2,018.08, of which $1,820.87 was principal which was owed to First Bank and $197.21 was interest which accrued to First Bank, the original lender. These figures reflect a reduction in principal - in other words payments from defendant, either to First

15

Bank or plaintiff, which were applied toward the principal ($2,625 - [$2,018.08 - $197.21]) or the difference between the original amount of the note and the principal allegedly owed to the bank ($2,625 - $1,820.87) - in the amount of $804.13.[9]

Although *Lawrence* treats proof of payments as defendant's burden, it is not probable that evidence supporting either party's position does not exist (as was the case in *Lawrence*). It seems likely that an accounting of the payments made thus far by defendant exists somewhere. For example, it seems likely that account statements from First Bank and from the government exist. Also, it seems plausible that defendant could acquire an accounting with respect to pre-assignment payments to First Bank and that the government could produce its own account statement. Such documents would be helpful in "filling in the blanks" in this case. For example, account statements would likely contain evidence verifying the date of the assignment, the account balance at the time of the assignment, and any payments made thereafter (including the amount of the debt that was satisfied by the 1993 interception of plaintiff's federal income tax refund[10] and any payments made since the November 13, 2997 certificate of indebtedness). This

---

[9]Neither plaintiff nor defendant has supplied an accounting in support of the $804.13 difference.

[10]Defendant has alleged that the loan was repaid by withholding federal income taxes. Doc. Ent. 3 at 1. Plaintiff states that "it is true that Plaintiff intercepted Defendant's federal tax refund in 1993 and applied it to the outstanding loan balance, that payment in no way satisfied the debt[,]" and "[d]efendant has produced no evidence to the contrary." Doc. Ent 5-1 at 4-5.
    Verification of this specific amount is somewhat of a red-herring in light of the November 13, 1997 certificate of indebtedness. In any event, it is worth noting that while defendant's rebuttal is unverified and self-serving, it is not unrebuttable. Neither party submitted evidence of the amount of the tax refund payment. Neither defendant, in her October 11, 2006 answer to the complaint, nor plaintiff, in its November 28, 2006 motion, provided the amount of defendant's federal income tax return which was intercepted in 1993 and applied to defendant's obligation on the note. In other words, aside from the post-dated certificate of indebtedness, plaintiff has not supplied evidence that the 1993 interception of defendant's federal tax refund

information would be germane when considering plaintiff's dispositive motion and when drafting an order which explains the amount, if any, of indebtedness.  Presented with such information, the Court would be in a better position to determine whether plaintiff is entitled to a directed verdict.  *See* William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991).

**e.**     Therefore, taking into consideration the differing burdens of proof (the element of damages v. the defense of repayment), the government's initial burden on summary judgment for an issue regarding which it has the burden of proof - damages, the current stage of this litigation, the absence of detail in this case, and plaintiff's pro se status, I suggest that the Court should deny plaintiff's motion for summary judgment (except as to liability) without prejudice to plaintiff filing a further motion for summary judgment detailing the amount of the payments from the date of the assignment to the government to present, such as a current account statement, to which defendant might respond with documentation to rebut plaintiff's position, such as a First Bank Account Statement or a copy of the tax return from which her refund was intercepted.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

---

did not make the government whole.  Likewise, plaintiff has not supplied evidence that the interception of her federal tax refund made the government whole.

(1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 7/30/07

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 30, 2007.
>
> s/Eddrey Butts
> Case Manager