UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                 CASE NO. 06-CV-13830-DT
                                 JUDGE DAVID M. LAWSON
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

TONYA R. MCCAIN,

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S AUGUST 20, 2007 MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 9)**

**I.**    **RECOMMENDATION:** The Court should grant plaintiff's August 20, 2007, motion

for summary judgment (Doc. Ent. 9) and enter judgment against defendant in the amount of

$4,261.33.

**II.**    **REPORT:**

**A.**    **Background**

On or about August 26, 1987, Tonya R. McCain executed a "Guaranteed Student Loan

Promissory Note" with First Bank in the amount of $2,625.00. Doc. Ent. 1 at 4-5. On October

20, 1989, she defaulted on the loan. Doc. Ent. 1 at 3, Doc. Ent. 5-3.

At some point, apparently during 1990, the loan was assigned to the United States. Doc.

Ent. 1 at 3, Doc. Ent. 5-3, Doc. Ent. 9-3 at 1.[1] By the time of assignment, the loan had accrued

_____

[1]It appears that on or about May 24, 1990, an HSCA Claims Supervisor (Karin Moseley) affixed a label concerning the Higher Education Assistance Foundation (HEAF) to the back of the promissory note. Doc. Ent. 1 at 5. *See also* Doc. Ent. 9-4 at 3

interest in the amount of $197.21; therefore, the total due had increased to $2,822.21. On March 15, 1993, the government intercepted McCain's federal tax refund in the amount of $1,361.00. Doc. Ent 5 at 4; Doc. Ent. 9-3 at 1. Therefore, after payment, defendant's obligation on the note amounted to $2,018.08.

As of November 13, 1997, McCain owed the government $2,842.46. This amount consisted of the aforementioned $2,018.08, $767.25 in interest and $57.13 in administrative/collection costs. Doc. Ent. 1 at 3, Doc. Ent. 5-3.

**B.      Complaint**

On August 28, 2006, the United States of America (hereinafter referred to as "plaintiff") filed the instant complaint against defendant Tonya R. McCain (hereinafter referred to as "defendant"). According to the complaint, the current capitalized interest balance and accrued interest amounts to $2,186.12 and the administrative fee, costs, and penalties total $57.13. Adding these two amount to $2,018.08, plaintiff seeks payment in the amount of $4,261.33, Doc. Ent. 1 at 1 ¶ 3, in addition to prejudgment and post-judgment interest, administrative costs and attorney fees.

The only document filed by defendant is her October 11, 2006 answer to the complaint. Doc. Ent. 3. In total, defendant's "[r]esponse to [c]omplaint" states:

> United States of America alleges that a debt is owed for a current principal amount of $2,018.08, interest 2,186.12, administrative fee, cost and penalties, $57.13 for a total of $4,261.33. I, Tonya Burdette AKA McCain dispute this complaint for reasons this loan has been repa[i]d by withholding federal income taxes.

Doc. Ent. 3 at 1.[2]

On November 29, 2006, plaintiff filed a Fed. R. Civ. P. 56 motion for summary judgment. Doc. Ent. 5. On July 30, 2007, I entered a report recommending that the Court should grant the motion with respect to plaintiff's liability on the note but should deny without prejudice the motion with respect to the principal balance due. Doc. Ent. 8. On August 22, 2007, Judge Lawson entered an order adopting my report and recommendation, granting in part plaintiff's motion for summary judgment and referring the case back to me for further proceedings. Doc. Ent. 12.

**C.      Plaintiff's Second Motion for Summary Judgment**

On August 20, 2007, two days before Judge Lawson entered his order, plaintiff filed a motion for summary judgment as to damages. Doc. Ent. 9. A copy of this motion was served upon plaintiff. Doc. Ent. 10.

On August 21, 2007, I entered an order setting the deadline for defendant's response to this motion for September 21, 2007. As of October 4, 2007, no response has been filed.

**D.      Fed. R. Civ. P. 56**

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve*

---

[2]On October 16, 2006, Judge Lawson referred this case to me for general case management. Doc. Ent. 4.

*Care System*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

The moving party's initial burden differs depending on whether the non-movant or the movant bears the ultimate burden of proof on the issue on which summary judgment is sought. In the former case, "[t]he moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, Fed. R. Civ. P. 56(e).

However where "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits

evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997); *see also*, *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992). In other words, in such a case the movant "must satisfy both the initial burden of production on the summary judgment motion–by showing that no genuine dispute exists as to any material fact–and the ultimate burden of persuasion on the claim–by showing that it would be entitled to a directed verdict at trial." William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991). "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

**E.     There is no genuine issue of material fact regarding the principal balance due.**

The August 26, 1987 note on which this case is based was for an amount of $2,625.00. The principal amount sought in the August 28, 2006 complaint is $2,018.08, of which $197.21 was interest which accrued to First Bank, the original lender. It follows that $1,820.87 was principal which was owed to First Bank. These figures reflect a reduction in principal in the amount of $804.13.

In my report and recommendation with regard to plaintiff's first motion for summary judgment, I noted that the parties dispute whether the payments made have satisfied the debt. Doc. Ent. 8 at 9. I also noted that neither party had made clear the amount of payments on this note from the time of the government's acquisition of the note to the present time. Doc. Ent. 8 at 15. I further noted that neither plaintiff nor defendant had supplied an accounting in support of the $804.13 difference. Doc. Ent. 8 at 16 n.9.

The number and amount of any payments on this loan have been clarified by the instant motion. Plaintiff has attached an affidavit from U. S. Department of Education Loan Analyst Lynda Faatalale. Although undated, it represents in part that "[d]efendant's loans have been in default since October 20, [1989], and the Department of Education has received a total amount of $1,361.00 from a Federal Internal Revenue Offset on March 15, 1993, for which the Defendant has received credit." Doc. Ent. 9-5 at 1-2. Furthermore, plaintiff has represented that "[t]he Department of Education pursued collection of the defaulted loan, receiving only one payment. This payment was by way of a federal tax offset in the amount of $1,361.00[,]" and "[f]ollowing the receipt of the federal tax offset, the Department of Education received no further payments from or on behalf of this Defendant[.]" Doc. Ent. 9 at 3.

Assuming Ms. Faatalale's affidavit was signed at the time the instant motion was filed

(August 20, 2007) and knowing the amount of the intercepted tax refund and its status as the sole

payment on this loan, the Court can deduce the following regarding defendant's account:

| DATE | NOTES | PRINCIPAL | 8% ANN. INT. (DLY INT $0.44) | COSTS | PYMT | TOTAL | CITATION |
|---|---|---|---|---|---|---|---|
| 8/26/1987 | Note Exec. | $2,625.00 | $0.00 | | | $2,625.00 | Doc. Ent. 9-4 at 2 |
| 10/20/1989 | Deft | $2,625.00 | | | | | Doc. Ent. 9-4 at 1 |
| 5/24/1990 | Note Label | $2,625.00 | | | | | Doc. Ent. 9-4 at 3 |
| 8/24/1990 | Org Clm Pay | $2,625.00 | $197.21 | | | $2,822.21 | Doc. Ent. 9-3 at 1 |
| 3/15/1993 | Before Pymt | $2,822.21 | $556.87 | | | $3,379.08 | |
| 3/15/1993 | Garnishment Tx Rtn | -$804.13 | -$556.87 | | -$1,361.00 | | Doc. Ent. 9-3 at 1 |
| 3/15/1993 | After Pymt | $2,018.08 | $0.00 | | | $2,018.08 | |
| 11/13/1997 | Cert. Indebt. | $2,018.08 | $767.25 | $57.13 | | $2,842.46 | Doc. Ent. 9-4 at 1 |
| 8/28/2006 | Complaint | $2,018.08 | $2,186.12 | $57.13 | | $4,261.33 | Doc. Ent. 9-3 at 1 |

If the principal due to the government following the sole payment was $2,018.08, then the total

due just before the sole payment was $3,379.08. If the amount due to the government after it

acquired the loan ($2,822.21) is subtracted from the amount due just before the sole payment

($3,379.08), it is clear that interest in the amount of $556.87 had accrued to the account. Adding

the amount of accrued interest ($556.87) to the aforementioned reduction in principal ($804.13)

results in $1361. Therefore, it is apparent that, of the sole $1361 payment, $804.13 was applied

to the principal and $556.87 was applied to the interest balance.

With an explanation of the $804.13 reduction in principal and the representation that only

one payment has been made, the Court is in a better position to determine whether plaintiff is

entitled to a directed verdict. *See* William W. Schwarzer, et al., *The Analysis and Decision of*

*Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991). Taking into consideration the

foregoing chart and the apparent accuracy of the $2,186.12 interest calculation,[3] plaintiff has

---

[3]The November 13, 1997 ($767.25) and August 28, 2006 interest amounts ($2,186.12)
appear to be accurate. There are 1704 days from March 15, 1993 - November 13, 1997 - when
multiplied by .44 (the amount of daily interest claimed by plaintiff), the total is $749.76. There
are 3210 days from November 13, 1997 - August 28, 2006 - when multiplied by .44, the total is
$1,412.40. In other words, when 4914 days (the number of days from March 15, 1993 to August

illustrated its entitlement to the amount sought in the complaint.

To be sure, and even though my previous report and recommendation suggested as much, Doc. Ent. 8 at 17, defendant has not responded with documentation to rebut plaintiff's position, such as an account statement or a copy of the tax return from which her refund was intercepted. Given the above figures, and the absence of evidence to the contrary from defendant, the Court should conclude that there is no genuine issue of material fact as to the balance due. ***If defendant disputes the amount due, she is urged to provide the Court with responding documentation within the objection period set forth below or risk judgment being entered against her in the amount sought by plaintiff's complaint.***

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections

---

28, 2006) are multiplied by .44, the result is $2,162.16. The Court assumes that compounding interest explains why these interest calculations are slightly less than the amounts in the pleadings ($767.25 as of November 13, 1997 and $2,186.12 as of August 28, 2006).

is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 10/5/07                          s/Paul J. Komives                          
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 5, 2007.

                              s/Eddrey Butts
                              Case Manager